# UNTITED STATES DISTRICT COURT ~ DISTRICT OF MARYLAND

Ronald Kirchner – Plaintiff

v

Warden Richard J. Graham
Western Correctional Institution
Defendant

v

Richard J. Graham
Defendant

v

Commissioner Wayne Hill
Defendant

v

Wayne Hill – Defendant

v

Correctional Dietary Manager
Lance J. Harbaugh
Defendant

v

Lance J. Harbaugh – Defendant

v

Dietary Officer Audie J. Lee
Defendant

v

Audie J. Lee – Defendant

v

Dietary Officer Denise Stotler
Defendant

v

Denise Stotler – Defendant

v

Chaplain Galen E. Beitzel
Defendant

v

Galen E. Beitzel – Defendant



APR 2 5 2019

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

Emergency Injunction Relief
Civil Action No. PWG-19-1242

₁ I, Ronald Kirchner, Petitioner hereby filing this emergency injunction Pro Se against the defendants here at Western Correctional Institution. ₂ I, inmate Ronald Kirchner, along with others in the Jewish Community have been subjected to an ongoing campaign of harassment and discrimination by members of the WCI staff. ₃ This behavior has been either ignored or sanctioned by Warden (Graham) and his administration at least two years – since my arrival at this institution in 2017. ₄ I have listed below, in chronological order, a series of events that establishes a clear pattern of anti-Semitic discrimination. ₅ This is evident by the treatment of our community in general, but highlighted by treats of adverse action by the Warden himself for merely attempting to exercise our right to order approved religious items, i.e., Tefillin. ₆ I, along with the entire Kosher Diet line have experienced retaliation for filing A.R.P's when the Dietary Department served us contaminated food (mouse droppings). ₇ This kind of intimidation against Jews and Practitioners of Judaism is not new historically, but I did not expect to experience this first hand inside of the Maryland DPSCS, and especially not by correctional officers and other institutional staff members. ₈ The events occurred as follows.

## STATEMENT OF FACTS

₉ On Chanukah 2017 a pass-list was produced for those attending Service. ₁₀ This is an eight-day celebration, but the pass list was discontinued early. ₁₁ We checked with Chaplain Galen E. Beitzel to find out why the Jewish pass-list was discontinued. ₁₂ He stated that he forgot to put the pass-list in, thereby denying our congregation for practicing our religious beliefs on our Holy Days. <u>Cruz v. Beto 405 U.S. 319,322 N.2.92 S CT 1079 (1972)</u> were denied the right to hold religious services <u>Cooper v. Pate 378 U.S. 546,84 S CT. 1733 (1964)</u> officials could not deny prisoner certain privileges enjoyed by other prisoners.

₁₃ During Passover of 2018, the Dietary dept. at WCI allowed unknown additions into the Kosher food, thereby making the food unfit for Kosher consumption. ₁₄ Also, because the substance added is unknown, I am anxious about its origins and the intent behind its service. ₁₅ For these reasons, I was unable to observe my religious diet as is my right. OFC. Frank P. Miller was informed about this.

R.L.U.I.P.A.

<u>Cutler v. Wilkinson 544 U.S. 709 (2005)</u>

<u>Law Ramos V. Lamm 639, F 2D 599,571 10th Cir. 1980</u> (Prison must provide "nutritionally adequate food that is prepared and served under conditions that do not present an immediate danger to the health and well-being of inmates who consume it.")

₁₆ In October, 2018, I was denied approval of a religious item (DPSCS OPS 140.2002, Appendix 4) as allowable property. ₁₇ This item is known as a "Tefillin", and is used for daily prayers, excluding holidays and Shabbat. ₁₈ When inmate Reginald Bellamy (435034), from our service, asked the Warden, Richard J. Graham, about obtaining a Tefillin, he was told that anyone who gets approval for that item will be segregated from the general population, citing security concerns which are unfounded. ₁₉ This form of coercion is a clear violation of the R.L.U.I.P.A. as well as an indicator of a much larger problem here at WCI—open Anti-Semitism and unchecked retaliation against the Jewish community at WCI.

<u>Cooper v. Pate 378 U.S. 546,84 S CT. 1733 (1964)</u> Muslim prisoners were denied right to hold religious services, holding that officials could not deny a black Muslim prisoner certain privileges enjoyed by other prisoners.

Crawford-el v. Britton, 523 U.S. 574,588 N. 10,118 5 CT. 1584 (1998)

Retaliation: The first Amendment prohibits jail and prison officials for retaliating against inmates who report complaints, file grievances or file lawsuits. Retaliation can take many forms: e.g., refusing to provide hygiene materials, reading or interfering with an inmate's legal papers, placing an inmate in segregation or poor living conditions, transferring an inmate to a different cell or different prison, threats, even having the inmate assaulted.

Babcock v. White, 102 F. 3d 267,275 7th Cir. (1996)

Retaliation: The first Amendment prohibits jail and prison officials for retaliating against inmates who report complaints, file grievances or file lawsuits. Retaliation can take many forms: e.g., refusing to provide hygiene materials, reading or interfering with an inmate's legal papers, placing an inmate in segregation or poor living conditions, transferring an inmate to a different cell or different prison, threats, even having the inmate assaulted.

Johnson v. Stovall, 233 F. 3d 486,489 7th Cir. (2000) to state a cause of action for retaliation.

Swiekiewiez v. Soreman N.A. 534 U.S. 506,122 S. CT. (2002) to state a cause of action for retaliation.

See Exhibit: __1 Part A, 3 Part A__

20 On Chanukah, 2018 OFC Scarpelli informed inmate Reginald Bellamy (435034) that the Jewish services are no longer permitted to use candles on Chanukah right in the middle of the holiday celebration, while the candles were in use. 21 After two days without candles, we were given battery operated candles for one day. 22 Then, the battery operated candles were removed and placed in the office of the Shift Commander, thus preventing us from the proper practice of one of our most sacred rituals: The Lighting of the Menorah. See Exhibit: __4__

R.L.U.I.P.A.

Cruz v. Beto 405 U.S. 319,322 N 2 92 5CT. 1079 (1972) were denied right to hold religious services.

Cooper v. Pate 378 U.S. 546,84 S CT. 1733 (1964) were denied right to hold religious services.

23. Finally, on December 8, 2018, I, along with the entire Kosher Diet line for Housing Unit #2, were served contaminated food. 24. We were in Dining Hall #2, where the Kosher Trays are served in sealed plastic wrapped trays, which contained mouse droppings/feces all throughout the tray. 25. Inmate Ronald Haskins (285369) acted as the representative for our group and immediately reported the incident and surrendered the contaminated tray to OFC. William W. Rubio.

See Exhibit: 2 PART A

26. I would like the O.S.C.M.S. from Dining Hall #2 for December 5,2018, around 11:00am. 26. Inmate Ronald Haskins (285369) then received another contaminated tray. 27. Dietary OFC. Denise Stotler refused to make up new trays telling us to eat the trays containing contamination (mouse droppings/feces). 28. OFC. William W. Rubio then told us to write it up, and I believe OFC. William W. Rubio wrote an incident report about the event.

R.L.U.I.P.A.

Cooper v. Pate 378 U.S. 546,84 S CT. 1733 (1964) were denied right to practice religious beliefs.

Law Ramos v. Lamm 639, F 2D 599,571 10th Cir. 1980 (Prison must provide "nutritionally adequate food that is prepared and served under conditions that do not present an immediate danger to the health and well-being of inmates who consume it.")

Allen v. City and County of Honolulu, 39 F 3d 936,939-40 9th Cir. (1994) Failure to respond reasonably, good faith. Officials who ignore inhumane conditions are generally considered deliberately indifferent. Once prison officials become aware of a problem with prison conditions, they cannot simply ignore the problem, but should take corrective action when warranted.

29 On December 30, 2018, in response to the A.R.P. (no. WCI 2790-18) the Dietary dept. began an ongoing campaign of retaliation/harassment. 30 At breakfast, 12-30-2018, the food portions were cut in half. 31 When inmate Dewayne Antonio Hines (410501) and myself went to the Dietary window to show the Dietary Officer, Denise Stotler, the obvious incorrect portions size, she stated that the oatmeal was ¼ of the way up the 4oz. cup, therefore it must be a 1oz. serving. 32 When I tried to explain the difference between the liquid measurement of the cup in comparison to dry weight used on the DOC authorized menu, she stated, "that's all you're getting!" 33 OFC. Robert D. Halle was a witness to the tiny portion served that morning. See Exhibit: __3 Part A__

34 I would like the O.S.C.M.S. video for the Library on 12-19-2018, at around 12:45pm, and the O.S.C.M.S. video from Dining Hall #2 at around 5:15am.

Allen v. City and County of Honolulu, 39 F 3d 936,939-40 9th Cir. (1994) Failure to respond reasonably, good faith. Officials who ignore inhumane conditions are generally considered deliberately indifferent. Once prison officials become aware of a problem with prison conditions, they cannot simply ignore the problem, but should take corrective action when warranted.

Cooper v. Pate 378 U.S. 546,84 S CT. 1733 (1964) were denied right to practice religious beliefs.

Allah v. Selverling, 229 F 3d 220 3d Cir. (2006) The First Amendment prohibits jail and prison officials form retaliating against inmates who report complaints.

Thaddeus-x v. Blatter, 175 F. 3d 378,394 (6th Cir 1999) The First Amendment prohibits jail and prison officials form retaliating against inmates who report complaints.

Law Ramos v. Lamm 639, F 2D 599,571 10th Cir. 1980 (Prison must provide "nutritionally adequate food that is prepared and served under conditions that do not present an immediate danger to the health and well-being of inmates who consume it.")

Cooper v. Pate 378 U.S. 546,84 S CT. 1733 (1964) were denied right to practice religious beliefs.

Cruz v. Beto 405 U.S. 319,322 N 2 92 S CT. 1079 (1972) were denied right to exercise religious beliefs without fear of penalty.

35. On 01-24-2019, I was called to meet with LT. Audie J. Lee who again produced a 4oz. cup and an approximate portion (See Exhibit: __3 PART A_____) Portion size/weight), repeating the Dietary department's earlier claim that the portion sizes were correct, when in fact it was not. 36. In response to the A.R.P. (WCI 0118-19), Warden Richard J. Graham stated that the "Dietary Officer, LT. Audie J. Lee, weighed the portion in front of me." 37. I have requested O.S.C.M.S. video from 01-24-2019, at around 6:50am, in Dining Hall #1 to verify that this never took place. 38. I asked LT. Audie J. Lee to weigh the food portions, but LT. Audie J. Lee refused, saying, "I'm not going to do that." 39. I again request the video of this event be preserved as evidence for any future legal proceedings that may call credibility into question. 40. Also discussed at this meeting was the A.R.P. (WCI 2790-18) concerning the mouse droppings/feces in it, when in fact, all of the Kosher food had to be contaminated. 41. I know this because I have worked in the kitchen myself and witnessed how all the Kosher food is prepared, and at the same time, dispersed onto serving trays and wrapped in clear plastic. 42. In short, what is in one tray is on them all. 43. I only hope I've not eaten some bacteria already that could cause me some future illness. 44. Fear of food contamination is now a cause of concern and anxiety, as I cannot believe the Dietary Officers lack of respect of my religious rights and basic disregard for the health of human beings.

Law Ramos v. Lamm 639 F 2d 559,571 10th Cir, 1980 prison must provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of inmates who consume it."

<u>Farmer v. Brenan</u> in Farmer the Supreme Court held that an official act with deliberate indifference when he or she knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Notice that to be deliberately indifferent, an official must both (1) know about a risk, and (2) knowledge of a risk and an unreasonable response are elements of all failure-to-protect, medical care, and conditions claims.

<u>Allen v. City + County of Honolulu, 39 F. 3d 936,939-40 (9th Cir. 1994)</u> Failure to respond reasonably in good faith. Officials who ignore inhumane conditions are generally considered deliberately indifferent.

<u>Cruz v. Beto 405 U.S. 319,322 N 2 92 5 CT. 1079 (1972)</u> were denied right to hold religious services and beliefs.

45. Passover 2019 is approaching and our entire Jewish Community is in fear of retaliation for filing A.R.P.'s listed in this document.

46. On the 25th of March, 2019, at approximately 12:30pm in the Library, Rabbi Rachmael Tobesman informed the Jewish group that he wrote up this institution on multiple occasions for violating Kosher laws in the COMAR, and I would like to ask for a copy of these write-ups so that I can further prepare my case.

47. Pursuant to 28 U.S. C 1915 (e)(1) plaintiff moves the Honorable Court to appoint counsel to represent me. 48. In support of this motion, plaintiff states: (1) Plaintiff is unable to afford counsel and has requested leave to proceed in forma pauperis. (2) Plaintiff's imprisonment will greatly limit his ability to litigate. 49. The issues involved in this case are complex and will require significant research and investigation. 50. Plaintiff has limited access to the Law Library and limited knowledge of the law. (See Exhibit: 5, 6, 7_____)

(3) 51. A trial in this case will likely involve conflicting testimony, and counsel will better enable plaintiff

to present evidence and cross examine witnesses. (4) 52 Warden Richard J. Graham had his staff member, Principal Lewis, of Education, state that Law Library was a privilege and not a right. 53 Said statement was recorded on a U.I.R.C meeting on the 13th of March, 2019.

## Conclusion

54 In short, what is on one Kosher tray, is on all of them. 55 Since these incidents, I am apprehensive about eating from the Kosher trays. 56 I am constantly concerned that the Dietary Officers do not respect our religious rights and practices, and have a total disregard for the safety and health of the Jewish Community.

## Relief Sought

(1) 57 That this suit be granted approval.

(2) 58 That a hearing be held.

(3) 59 That Plaintiff be present at the hearing.

(4) 60 That Plaintiff's witnesses be present to testify.

(5) 61 That sealed Kosher trays be purchased and sealed from and outside source. (See Exhibit: __4_____).

(6) 62 For falsifying a legal document, we are asking this honorable court to award whatever settlement they feel would be appropriate in this matter.

(7) 63 For giving us contaminated food to eat, we are asking this honorable court to award whatever settlement they feel would be appropriate in this matter.

(8) 64 For denying our religious services, we are asking this honorable court to award whatever settlement they feel would be appropriate in this matter.

(9) 65 For failure to respond reasonably in good faith, we are asking this honorable court to award whatever settlement they feel would be appropriate in this matter.

(10) 66 For deliberate indifference, we are asking this honorable court to award whatever settlement they feel would be appropriate in this matter.

(11) 67 For retaliation, we are asking this honorable court to award whatever settlement they feel would be appropriate in this matter.

(12) 68 For denying Plaintiff's reception of an approved religious item, we are asking for the court to give approval for this item, and we are asking this honorable court to award whatever settlement they feel would be appropriate in this matter.

(13) 69 For deliberately targeting the Jewish Community, we are asking this honorable court to award whatever settlement they feel would be appropriate in this matter.

## Witnesses from the Jewish Community

1. David Isaacs #334498 WCI
2. Ronald Haskins #285369 WCI
3. Reginald Bellamy #435034 WCI
4. Dewayne Antonio Hines #410501 WCI
5. Nelson Eliek #443628 WCI

## Witnesses from D.O.C. Staff

1. Ofc. Frank P. Miller
2. Ofc. Robert D Halle
3. Ofc. William W. Rubio
4. Rabbi Rachmael Tobesman

## ACKNOWLEDGEMENT

I solemnly affirm under the penalties of perjury that the foregoing is true, complete, and correct to the best of my knowledge and belief.

Respectfully Submitted,

*Ronald Kirchner*

Ronald Kirchner #315472

WCI

13800 McMullen HWY SW

Cumberland, MD 21502-5622

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___19___ day of ___April___, 2019, a copy of this Petition was sent, postage prepaid, to the Office of the Attorney General for Maryland, at 200 St. Paul Place, Baltimore, MD 21202.

*Ronald Kirchner*

Ronald Kirchner, #315472